IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>v.<br><br>JEFFREY REGAN ANDREWS,<br><br>       Defendant. | Civil Action No. 3:22cv25-TSL-RPM |

**ALLSTATE'S MOTION FOR DEFAULT JUDGMENT
AS TO LIABILITY ONLY
AGAINST DEFENDANT JEFFREY REGAN ANDREWS**

Plaintiff Allstate Insurance Company ("Allstate"), pursuant to Fed. R. Civ. P. 12 & 55(b), and other applicable law, submits this Motion for Default Judgment as to Liability Only on its January 21, 2022 [1] Verified Complaint for Injunctive and Other Relief in the above-titled Action against Defendant Jeffrey Regan Andrews ("Andrews"). Allstate would show:

1.  Allstate filed its [1] Verified Complaint for Injunctive and Other Relief ("Complaint") against Andrews on January 21, 2022.

2.  Allstate's Complaint and summons were served on Andrews, by personal service upon Andrews, on January 24, 2022.  *See* ([10] Proof of Service on Andrews.)

3.  Fed. R. Civ. P. 12(a)(1)(A)(i) provides that "[a] Defendant must serve an answer: (i) within 21 days after being served with the summons and complaint."

4.  More than twenty one days have elapsed since the date on which Defendant Andrews was served with Allstate's Complaint and summons in this Action.

5.  As of the date and time of filing of this motion, no one representing Defendant Andrews has contacted counsel for Allstate in this matter.

1

6. However, on Wednesday, January 26, 2022, at 12:07 p.m. CST, someone purporting to be Andrews himself left the undersigned's legal secretary, Felicia Wilson, a voice mail about a "letter" he had received concerning Allstate. ([17-1] at 2.) He made no mention of this lawsuit or the complaint. The undersigned returned that call to the number left in the voice mail for his legal secretary, 601-938-5047. An unidentified female answered the phone and the undersigned identified himself to her by name and as retained counsel for Allstate. The undersigned asked her to have Andrews return my call. As of today, he has not done so or contacted the undersigned in any manner whatsoever. (*Id.*)

7. To the best of the undersigned's knowledge, Defendant Andrews is neither on active duty in the United States Armed Forces, an infant, nor an unrepresented incompetent person. ([17-1] at 3.)

8. Allstate has made a timely and proper application for a clerk's entry of default against M.A.C. [17].

9. The Clerk has made a proper [18] entry of default against Andrews, for failure to answer or otherwise defend as to Allstate's [1] Complaint.

WHEREFORE, Plaintiff Allstate respectfully requests that a final judgment by default, as to liability only, be entered against Defendant Andrews, granting Allstate the relief requested in its [1] Complaint; specifically, a judgment for liability only from and against Andrews for:

(1) a permanent injunction enjoining and restraining Andrews, and his agents, representatives, servants, employees, and all those acting in concert or participation with him, from continuing to operate his former Allstate agency;

(2) a permanent injunction enjoining and restraining Andrews from continuing to represent himself as an Allstate agent;

(3) a permanent injunction enjoining and restraining Andrews from using in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, goods or services, that involve Allstate;

(4) a permanent injunction enjoining and restraining Andrews, and his agents, representatives, servants, employees, and all those acting in concert or participation with him, from using Allstate telephone numbers;

(5) a permanent injunction enjoining and restraining Andrews, and his agents, representatives, servants, employees, and all those acting in concert or participation with him, from using Allstate service marks and trade names;

(6) a permanent injunction requiring Andrews to return all Allstate confidential information and property in his possession, custody, or control to Allstate;

(7) a permanent injunction requiring Andrews to transfer all Allstate telephone numbers used by Andrews while affiliated with Allstate to Allstate;

(8) a judgment on liability only against Andrews for compensatory damages in an amount to be determined subsequently;

(9) a judgment on liability only against Andrews for exemplary damages in an amount to be determined subsequently; and

(10) a judgment on liability only, for Allstate's costs and expenses, including its reasonable attorneys' fees, incurred as a result of Andrews' breaches of the EA Agreement and Andrews' other unlawful acts and omissions and necessitating this Action.

This, the 16th day of February, 2022

Respectfully submitted,

By: /s/E. Barney Robinson III (MB #09432)
E. Barney Robinson III (MB #09432)
Phillip S. Sykes (MB # 10126)
Caroline B. Smith (MB # 105501)

***Attorneys for Plaintiff Allstate Insurance Company***

OF COUNSEL:

BUTLER SNOW LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) barney.robinson@butlersnow.com
(E) phillip.sykes@butlersnow.com
(E) caroline.smith@butlersnow.com

## CERTIFICATE OF SERVICE

I, E. Barney Robinson III, do hereby certify that I have this day served the above and foregoing document on the following, via the means indicated below:

**Via First Class U.S. Mail**
Jeffrey Regan Andrews
1200 61st Court
Meridian, MS 39305-1203

SO CERTIFIED, this the 16th day of February, 2022.

*/s/E. Barney Robinson III* (MB #09432)
E. BARNEY ROBINSON III (MB #09432)
